UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>    Plaintiff,<br><br>v.<br><br>ANTUAN SIMMONS, et al.,<br><br>    Defendant. | No. 2:19-cv-1838 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.    Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff in this court has led to the identification of at least four cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Harrell v. Solano County Jail, E.D. Cal. No. 2:14-cv-1592 AC (complaint dismissed with leave to amend for failure to state a claim, case dismissed on April 27, 2017, for failure to file an amended complaint);

2. Harrell v. State of California, E.D. Cal. No. 2:15-cv-0470 KJM EFB (case dismissed for failure to state a claim on September 13, 2016);

3. Harrell v. California Forensic Medical Group Inc, E.D. Cal. No. 2:15-cv-0579 KJM DB (case dismissed for failure to state a claim on May 14, 2018);

4. Harrell v. Target, E.D. Cal. No. 2:15-cv-0634 CKD (case dismissed for failure to state a claim on April 12, 2016).

////

---

[1] "[A] court may take judicial notice of its own records in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

All of the preceding cases were dismissed well in advance of the September 13, 2019 filing of the instant action and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint alleges that plaintiff was subject to various violations of his rights under the constitution and state law between August and November 2018, while in the Solano County Jail. ECF No. 1 at 7-13. However, the complaint was not filed until September 13, 2019, when plaintiff was housed at Folsom State Prison. Accordingly, these allegations do not demonstrate an imminent risk of serious physical injury at the time of filing and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.  Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your claims are based on things that happened about a year before you filed your complaint, you cannot show that you were in imminent danger of serious physical injury at the time you filed the complaint.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE