UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>ANTUAN SIMMONS, et al.,<br><br>Defendants. | No. 2:19-cv-01838-TLN-AC<br><br><br><br>**ORDER** |

Plaintiff Joshua Neil Harrell, a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 18, 2019, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 5.) On September 27, 2019, Plaintiff filed objections to the findings and recommendations, titled "Rescinded Order and Findings and Recommendations." (ECF No. 7.) On October 3, 2019, Plaintiff filed another document, titled "Objection and Motion to Reconsider Magistrate Judge's Order and Findings and Recommendations" (ECF No. 8), which this Court construes as additional objections to the Findings and Recommendations.

/ / /

1

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Plaintiff's objections to the Findings and Recommendations, on the basis that they violate his procedural due process rights or other Constitutional rights, are unsupported by any relevant legal authority. (*See* ECF No. 7 at 3; ECF No. 8-1 at 1, 3.) Therefore, the objections are overruled.

Similarly, Plaintiff's conclusory assertion that the cases identified in the Findings and Recommendations (ECF No. 5 at 2) do not qualify as "strikes" (ECF No. 8-1 at 3–4) lacks any support and therefore fails. Accordingly, this objection is overruled.

Plaintiff's objection on the basis that he rescinded the Findings and Recommendations pursuant to his authority under the Truth in Lending Act (ECF No. 7 at 1–2, 5; ECF No. 8 at 1) is also without merit and therefore overruled.

Finally, to the extent he contends he is entitled to the "imminent danger" exception under 28 U.S.C. § 1915(g) because he filed his claim on August 14, 2018, a mere thirteen days after the alleged excessive force incident that is the subject of this litigation (see ECF No. 8-1 at 2, 4–5), Plaintiff's claim is belied by the record, which reflects that Plaintiff initiated this action with the filing of his Complaint on September 13, 2019. (ECF No. 1.) Therefore, this objection is overruled.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 18, 2019 (ECF No. 5), are adopted in full; and

2. Plaintiff is ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

IT IS SO ORDERED.

Dated: October 23, 2019

Troy L. Nunley
United States District Judge