UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>ANTUAN SIMMONS, et al.,<br><br>Defendants. | No. 2:19-cv-1838 TLN AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for reconsideration of and objections to the undersigned's April 13, 2020 order directing him to pay the filing fee, ECF No. 17, and a motion to stay the collection of the filing fee pending the appeal of his bankruptcy action, ECF No. 18.

Plaintiff seeks reconsideration of and objects to the April 13, 2020 order on the grounds that the undersigned does not have authority to deny in forma pauperis status and that it is not fair to deny him leave to proceed in forma pauperis when his previous lawsuits were not brought in bad faith and his current claims are meritorious. ECF No. 17. Contrary to plaintiff's belief, the undersigned did not deny his application to proceed in forma pauperis. His motion was denied by the assigned District Judge on October 25, 2019, ECF No. 9, and the undersigned was simply applying the District Judge's ruling. Furthermore, 28 U.S.C § 1915(g) does not require that a complaint dismissed for failure to state a claim must also be brought in bad faith in order to count

as a strike. Nor does it contain an exception based upon the merits of the claims currently before the court. The motion for reconsideration will therefore be denied and the objections overruled.

As for plaintiff's motion to stay the collection of the filing fee pending his bankruptcy appeal, that motion will also be denied. The bankruptcy code explicitly provides that Chapter 7 bankruptcy proceedings will not discharge debts "for a fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor . . . or the debtor's status as a prisoner." 11 U.S.C. § 523(a)(17). Therefore, regardless of whether plaintiff is successful in getting his bankruptcy action re-instated, he is required to pay the filing fee in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration of the April 13, 2020 order, ECF No. 17, is denied and the objections are overruled.

2. The motion to stay collection of the filing fee, ECF No. 18, is denied.

3. Within fourteen days of the service of this order plaintiff must pay the filing fee in full or it will be recommended that this action be dismissed.

DATED: April 27, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2