1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11  JOSHUA NEIL HARRELL,                    No.  2:19-cv-01838-TLN-AC

12          Plaintiff,

13      v.
                                            **ORDER**
14  ANTUAN SIMMONS, et al.,

15          Defendants.

16

17         This matter is before the Court pursuant to Plaintiff Joshua Neil Harrell's ("Plaintiff")

18  "Objections" to the magistrate judge's order filed April 27, 2020 (ECF No. 19), which the Court

19  construes as a Motion for Reconsideration.  (ECF No. 20.)  For the reasons set forth below,

20  Plaintiff's Motion is DENIED.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2    Plaintiff initiated this civil rights action on September 13, 2019.  (ECF No. 1.)  In the

3 Findings and Recommendations issued on September 18, 2019, the magistrate judge found

4 Plaintiff was precluded from bringing this action *in forma pauperis* because he was a three-strikes

5 litigant pursuant to 28 U.S.C. § 1915(g) and there was no imminent danger of serious physical

6 injury at the time of filing.  (ECF No. 5 at 3.)  The Court adopted the Findings and

7 Recommendations in full and ordered Plaintiff to pay the filing fee in its entirety or face

8 dismissal.  (ECF No. 9.)

9    On April 13, 2020, the magistrate judge again ordered Plaintiff to pay the filing fee.  (ECF

10 No. 16.)  In response, Plaintiff filed his first motion for reconsideration and objections.  (ECF No.

11 17.)  The magistrate judge denied the motion for reconsideration, overruled Plaintiff's objections,

12 and again ordered Plaintiff to pay the filing fee or face dismissal.  (ECF No. 19.)  On May 7,

13 2020, Plaintiff filed the instant "Objections" (ECF No. 20), which the Court construes as another

14 motion for reconsideration of the magistrate judge's April 27, 2020 order.

15    **II.     STANDARD OF LAW**

16    A party may object to a non-dispositive pretrial order of a magistrate judge within

17 fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order

18 will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).

19 The objecting party has the burden of showing that the magistrate judge's ruling is clearly

20 erroneous or contrary to law.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL

21 3613511, at *1 (N.D. Cal. Oct. 28, 2009).  "A party seeking reconsideration must set forth facts

22 or law of a strongly convincing nature to induce the court to reverse a prior decision."  *Martinez*

23 *v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015)

24 (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986),

25 *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

26    "The 'clearly erroneous' standard applies to factual findings and discretionary decisions

27 made in connection with non-dispositive pretrial discovery matters."  *Comput. Econ., Inc. v.*

28 *Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*,

1   902 F.2d 746, 748 (9th Cir. 1990)).  Under the "clearly erroneous" standard, "the district court

2   can overturn the magistrate judge's ruling only if the district court is left with the 'definite and

3   firm conviction that a mistake has been committed.'"  *E.E.O.C. v. Peters' Bakery*, 301 F.R.D.

4   482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)).

5   "Thus, review under the 'clearly erroneous' standard is significantly deferential.'"  *Concrete Pipe*

6   *and Products of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

7        The magistrate's legal conclusions are reviewed *de novo*.  *See Bhan v. NME Hospitals,*

8   *Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).  "An order is contrary to law when it fails to apply or

9   misapplies relevant statutes, case law, or rules of procedure."  *Cochran v. Aguirre*, No. 1:15-cv-

10  01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. Jun. 9, 2017).  However, the district

11  court "may not simply substitute its judgment for that of the deciding court."  *Grimes v. City of*

12  *S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).  Rather, "a magistrate judge's decision is contrary to law

13  only where it runs counter to controlling authority."  *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d

14  169, 172 (E.D. N.Y. 2008).  Consequently, "a magistrate judge's order simply cannot be contrary

15  to law when the law itself is unsettled."  *Id.*

16      **III.**   **ANALYSIS**

17       The instant motion appears to seek reconsideration of the magistrate judge's April 27,

18  2020 order (ECF No. 19) denying Plaintiff's first motion for reconsideration.  (ECF No. 20.)

19  Plaintiff claims the magistrate judge lacks subject matter jurisdiction to dismiss his constitutional

20  claims and seeks reassignment to a district judge.  (*Id.* at 1.)  Plaintiff argues he previously

21  declined jurisdiction by the magistrate judge and requested reassignment.  (*Id.*)  Plaintiff's

22  arguments are without merit.

23       Plaintiff essentially seeks to relitigate an issue that was, in fact, considered and rejected by

24  this Court when it adopted the magistrate judge's September 18, 2019 Findings and

25  Recommendations.  (ECF Nos. 5, 9.)  Specifically, on October 25, 2019, the Court adopted the

26  findings and recommendations to deny Plaintiff's motion to proceed *in forma pauperis* and in

27  doing so found that Plaintiff's constitutional arguments were unsupported by any relevant legal

28  authority.  (ECF No. 9.)  Every subsequent order issued by the magistrate judge directing Plaintiff

1  to pay the filing fee for this litigation (*see* ECF Nos. 14, 16) therefore stems from this Court's

2  October 25, 2019 order.  Thus, Plaintiff's attempt to construe the magistrate judge's latest order

3  directing payment as lacking in authority and jurisdiction is wholly without merit.

4         Further, to the extent the instant Motion merely reasserts, verbatim, the same arguments

5  asserted in Plaintiff's prior motion for reconsideration (ECF No. 17) — which were appropriately

6  considered and rejected (*see* ECF No. 19) — the Court rejects those arguments.  Simply put,

7  Plaintiff's arguments remain unavailing for the same reasons identified in the magistrate judge's

8  April 27, 2020 order.  (*See id.*)  Moreover, Plaintiff once again fails to present any legal authority

9  or factual predicate to support his claims.

10        In sum, the Court finds the magistrate judge's decision was neither clearly erroneous nor

11  contrary to law and Plaintiff's interpretation of the magistrate judge's ruling and arguments lacks

12  any basis in the law.  Accordingly, the magistrate judge's April 27, 2020 order (ECF No. 19) is

13  affirmed and Plaintiff's Motion for Reconsideration is DENIED.

14     **IV.    CONCLUSION**

15        For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 20) is hereby

16  DENIED.

17        IT IS SO ORDERED.

18  DATED:  July 6, 2020

19

20

21                                             _____

22                                             Troy L. Nunley
                                               United States District Judge

23

24

25

26

27

28

4